IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NIA KING,<br>    Petitioner,<br><br>v.<br><br>JAMILA HUMPHREY, Individually<br>    Respondent. | CAFN: _____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

**COMES NOW**, NIA KING, Plaintiff in the above-styled case and file this her *Complaint for Damages* pursuant to 42 U.S.C. §1983, as well as any other relief available under Georgia law. This *Complaint* arises from the unlawful and unreasonable use of excessive force, false imprisonment, assault, and battery as a result of Defendant Jamilah Humphrey ("Defendant Humphrey") intentional and unlawful misconduct. In support of her *Complaint*, Plaintiff Nia King ("Ms. King") shows the following:

**INTRODUCTION**

1. This action arises out of the unlawful and unreasonable use of excessive force against Ms. King occurring March 24, 2023, at Eagle's Landing High School (ELHS), whose address is: 301 Tunis Road, McDonough, Henry County, GA 30253.

2. This action is for monetary damages brought pursuant to 42 U.S.C.§1983 and is filed against Defendant Humphrey for her unlawful and intentional conduct levied against Ms. King in violation of Ms. King's Fourteenth Amendment of the United States Constitutions and violation of Ms. King's right to be free from the use of excessive force.

3. Defendant Humphrey acted in bad faith by subjecting Ms. King to unlawful police

misconduct, brutality and excessive force. As such, this action is also for attorney fees and cost associated with bringing this action pursuant to O.C.G.A.§13-6-11.

## JURISDICTION

4. This action arises under the authority vested in this Court by virtue of 42 U.S.C. §§1983, 1988, 28 U.S.C.§1343(3), and Fourteenth Amendments of the United States Constitution. This Court has pendent jurisdiction under Article I, §1, ¶¶I.II.VII.XI.XII of the Georgia Constitution because Ms. King claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution. Defendant Humphrey's actions were done under color of law for purposes of 42 U.S.C. §1983.

Jurisdiction is therefore proper.

## VENUE

5. Defendant Humphrey's conduct, which is the subject of this action, occurred in McDonough, Henry County, Georgia. Venue is therefore proper.

## PARTIES

6. Ms. King is an African American female, a resident of Georgia and is over the age of 18 years. At the time of the incident, Ms. King was a long-term substitute teacher at ELHS.

7. Defendant Humphrey was, at all times relevant to this Incident, employed with the Henry County Police Department as a School Resource Officer (SRO) and assigned to ELHS. She is being sued in her individual capacity.

## FACTUAL ALLEGATIONS

8. On March 24, 2023, Ms. King was working as a long-term substitute teacher for Dr. Phan at ELHS.

9. On the day of the Incident, Ms. King's teaching schedule consisted of: First-Period

Planning, Second-Period Class, Third-Period Class, and Fourth-Period Lunch. After lunch, Ms. King committed the remainder of the workday to the classroom and teaching her students.

10. At the end of Ms. King's Third Period Class and beginning of Fourth-Period Lunch, Ms. King and her students left the classroom to begin lunch.

11. After confirming no students were left in the classroom, Ms. King locked the classroom and went to Bianca King's, her biological sister, classroom to retrieve her lunch.

12. After retrieving her lunch, Ms. King spent the remainder of her lunch period in the front office with Assistant Principal Courtney Johnson ("AP Johnson).

13. During Ms. King's lunch period, AP Johnson informed Ms. King that a "fight" was brewing in 700-Hall, although there were no signs of any physical altercations occurring at the time.

14. To be certain, however, Ms. King checked the school corridor and observed that no students were present nor were there any signs of an altercation.

15. Having found no such evidence of a fight, Ms. King contacted the administrative assistant to advise that a fight may occur and return to her lunch. Contacting the administrative assistant is standard protocol when there is a threat of physical altercation on school grounds.

16. Neither AP Johnson nor the administrative assistant provided Ms. King with any instructions on how to proceed with respect to the threat.

17. At the conclusion of Ms. King's lunch period, Ms. King proceeded towards 700-Hall to continue her teaching assignment where she noticed a student (Student One) she previously taught and a group of other students.

18. Ms. King asked Student One "why she was hanging around" and Student One replied, "I don't know what's going on". Ms. King then instructed Student One to leave the area, by stating "let's go".

19. While instructing Student One to leave the area, the Fifth-Period school bell rang, and a swarm of students exited the lunch area and filled the hallway where Ms. King and Student One were located.

20. Simultaneously to this, another student (Student Two) approached Student One and struck Student One, at which time a physical fight ensued. Both Student One and Student Two, as well as Ms. King were surrounded by a crowd of students.

21. While Ms. King attempted to "break-up" the fight, Ms. King was pushed into the crowd by the students attempting to watch the altercation. Despite this, Ms. King continued to deescalate the fight between Student One and Student Two by instructing them to "let go of each other's hair" and attempting to pull them apart.

22. While attempting to separate Student One and Student Two, Ms. King was choked from behind and felt a strong grip around the back of her neck and throat as she was being dragged away from the altercation.

23. Ms. King recognized the perpetrator to be Defendant Humphrey as she could see Defendant Humphrey's pepper spray in her right hand and heard Defendant Humphrey's voice as she threatened to use the pepper spray on students in the hallway and demanding the students "to get back" and "get back to class".

24. Despite multiple students, faculty members and staff telling Defendant Humphrey that Ms. King was a teacher and member of the faculty, Defendant Humphrey ignored their pleas and

continued to drag Ms. King, by the neck and throat, down the 700-Hall corridor until Defendant Humphrey reached her office.

25. Once in her office, Defendant Humphrey sat Ms. King in a chair, near the door entrance, and asked Ms. King, "Do you need EMS, a nurse, or anything?". Ms. King replied, "I need you to leave".

26. Having complied with Ms. King's request, Defendant Humphrey returned to the office, explaining that she "was trying to save [Ms. King] because [she] got hit". Ms. King advised, "I did not get hit.".

27. At the time Defendant Humphrey intentionally and aggressively grabbed and choked Ms. King by the neck and throat and subsequently dragged Ms. King several feet to Defendant Humphrey's office, Ms. King had not struck a student.

28. At the time Defendant Humphrey intentionally and aggressively grabbed and choked Ms. King by the neck and throat and subsequently dragged Ms. Smith several feet to Defendant Humphrey's office, Ms. King had not committed a crime.

29. At the time Defendant Humphrey intentionally and aggressively grabbed and choked Ms. King by the neck and throat and subsequently dragged Ms. Smith several feet to Defendant Humphrey's office, Defendant Humphrey did not stop to inquire whether Ms. King was a student or in some way involved with the altercation.

30. At the time Defendant Humphrey intentionally and aggressively grabbed and choked Ms. King by the neck and throat and subsequently dragged Ms. Smith several feet to Defendant Humphrey's office, Defendant Humphrey did not stop to inquire whether Ms. King committed a crime.

31. At the time Defendant Humphrey intentionally and aggressively grabbed and choked Ms. King by the neck and throat and subsequently dragged Ms. Smith several feet to Defendant Humphrey's office, Defendant Humphrey did not stop to inquire whether Ms. King had been "hit' during the altercation or in need of medical attention.

32. As a direct result of Defendant Humphrey's unlawful and violent attack, Ms. King suffered injuries to her neck and was forced to seek emergency medical treatment the following day.

33. As a direct result of Defendant Humphrey's unlawful and violent attack, Ms. King also suffered muscle stiffness, insomnia, and anxiety.

34. At the bequest of Assistant Principal Emory Arnold (AP Arnold), Ms. King and her family met with AP Arnold at ELHS the following day. Ms. King was asked to prepare a written letter and was advised by the school's principal, Dr. Kesha L. Jones, that she could no longer work at ELHS and to find work at another school.

35. Immediately thereafter, Ms. King made a verbal complaint with the Henry County Human Resource Office. Shortly thereafter, Ms. King's ability to work at ELHS was reinstated.

36. Although Ms. King attempted to finish out the school year as well as the following year, she has been unable to.

37. Because of this Incident, Ms. King was traumatized and extremely fearful of law enforcement.

38. As a direct result of this Incident, Ms. Kiing ended her career as a substitute teacher and is not likely to teach again.

### COUNT I: EXCESSIVE USE OF FORCE: 42 U.S.C. § 1983

39. The preceding paragraphs are incorporated by reference as if fully laid out herein.

40. At the times relevant to this Incident, there was clearly established law that an officer could not use excessive force to subdue a suspect.

41. At all times relevant to this Incident, Ms. King was unarmed, did not possess any weapons or objects capable of causing harm or injury to any student, nor did she pose a threat to Defendant Humphrey.

42. Defendant Humphrey used unlawful and excessive force by putting her arm around Ms. King's neck and throat, choking her, obstructing her ability to speak, and subsequently dragging Ms. King down the school hallway until Defendant Humphrey reached her office.

### COUNT II: FALSE IMPRISONMENT– O.C.G.A. §§ 16-5-41 AND 51-7-1

43. The proceeding paragraphs are incorporated by reference as if fully laid out herein.

44. At all times relevant to this Incident, there was clearly established law that an officer could not detain a person in violation of the personal liberty of another, arrest, or confine such person without legal authority.

45. While choking Ms. King and subsequently dragging her through the hallway of ELHS, Defendant Humphrey knew or should have known that Ms. King was (1) a teacher and member of the school faculty and (2) had not engaged in any unlawful activity that warranted the treatment rendered by Defendant Humphrey. This is particularly so since multiple students, school personnel, and staff told Defendant Humphrey so. Despite this, Defendant Humphrey ignored them and continued to viciously and forcefully drag Ms. King to Defendant Humphrey's office.

46. Defendant Humphrey violated Ms. King's personal liberty when she choked and dragged Ms. King through the hall corridor of ELHS and detained Ms. King in Defendant Humphrey's office.

### COUNT III: BATTERY – O.C.G.A. § 16-5-23.1

47. The preceding paragraphs are incorporated by reference as if fully laid out herein.

48. At all times relevant to this incident, there was clearly established law that an officer may not intentionally cause substantial physical harm or visible bodily harm to another.

49. Defendant Humphrey acted intentionally when she put her arm around Ms. King's neck and throat and dragged Ms. King to Defendant Humphrey's office.

50. Defendant Humphrey caused Ms. King substantial physical harm to her neck when Defendant Humphrey choked and dragged Ms. King.

### COUNT IV: AGGRAVATED ASSUALT AND BATTERY – O.C.G.A§§16-5-21 AND 16-5-24

51. The preceding paragraphs are incorporated by reference as if fully laid out herein.

52. At the time of the incident, there was clearly established law that prohibited assault and battery of another.

53. Defendant Humphrey committed the act of aggravated assault when Defendant Humphrey intentionally placed Ms. King in reasonable apprehension of immediately receiving a violent injury to her person. This occurred when Defendant Humphrey placed her arm around Ms. King's neck and throat and persisted to drag Ms. King through the hallway of ELHS until she reached Defendant Humphrey's office.

54. Defendant Humphrey committed the act of aggravated battery when Defendant Humphrey intentionally and unlawfully choked Ms. King by placing her arm around Ms. King's neck and throat and persisted to drag Ms. King through the hallway, causing Ms. King serious bodily injury to her neck.

## COUNT V: BAD FATH - O.C.G.A.§ 13-6-11

55. The preceding paragraphs are incorporated by reference as if fully laid out herein.

56. As a result of Defendant Humphrey's unlawful actions, Defendant Humphrey acted in bad faith which entitles Ms. King to attorney fees and other costs associated with bringing this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Honorable Court will award the following:

1. General and special damages in favor of Ms. King and against Defendant Humphrey;
1. Punitive damages in favor of Ms. King and against Defendant Humphrey;
2. Cost of litigation and attorney fees associated with bringing this action, pursuant to but not limited to, 43 U.S.C. 1988 and O.C.G.A § 13-6-11; and
3. Any and all other relief this court finds just and proper.

So submitted this 21st day of March, 2025.

/s/ Ella A. Hughes
Ella A. Hughes
Georgia Bar No. 099147
Passion V. Briscoe
Georgia Bar No. 083015
*Attorneys for Plaintiff*

**THE HUGHES GROUP**
PO Box 2813
McDonough, GA 30253
678.274.6530 (o)
404.610.7360 (f)
eh@hughesgrouplaw.com
pbriscoe@hughesgrouplaw.com